## COMMONWEALTH *vs.* RICHARD HASKINS.

Hampshire. September 9, 1991. - October 1, 1991.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ

*Practice, Criminal*, Argument by prosecutor.

At a criminal trial the prosecutor's closing remarks, viewed in their entirety and in light of the judge's instructions, did not exceed the limits of proper argument. [120-122]

INDICTMENT found and returned in the Superior Court Department on July 5, 1989.

The case was tried before *Elizabeth A. Porada,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Charles K. Stephenson* for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant was found guilty of indecent assault and battery on a child under the age of fourteen. The defendant appealed and we transferred the case to this court on our own motion. The issue on appeal is the propriety of the prosecutor's closing argument where he charged that the sole purpose of the defendant's befriending the victim was to gain access to him for sexual purposes.[1] To this part of the

---

[1]The relevant portions of the argument are as follows:

"What this case is about is this, ladies and gentlemen — I think I suggested this to you Friday, in the opening: This case is about a total stranger who befriends himself to a young family in disarray, and who does that with the single minded purpose, the sole purpose of eventually gaining access, gaining an opportunity to be alone with the young child . . . . That's what this case is about. And that's what the evidence has shown you.

"  . . .

"Secondly, you have to ask yourself this: Why on earth would a . . . total stranger befriend themselves [*sic*] very quickly, within a couple of

argument there was no objection. Accordingly, if there was prosecutorial error, the standard of review is whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). We hold that there was no prosecutorial error. We affirm.

There was evidence which would warrant the jury in believing that, although he was a stranger to the victim's mother, the defendant visited the victim's house after the victim's father had left the family home. The victim reacted adversely to his father's departure. The victim's mother left the victim alone with the defendant on a few occasions. The defendant bought the victim treats. On one occasion, the mother observed the victim and the defendant emerging from a secluded area of her backyard. The victim told his mother and a State trooper that the defendant had touched the victim's penis and buttocks and had made the victim touch the defendant's penis.

In *Commonwealth* v. *Kozec*, 399 Mass. 514, 516-521 (1987), we spoke at length about the limits of prosecutorial argument. We recognized as improper an argument that refers to the defendant's failure to testify, misstates the evidence, refers to facts not in evidence, interjects personal belief in the defendant's guilt, plays on racial, ethnic, or religious prejudice or on the jury's sympathy or emotions, or comments on the consequences of a verdict. *Id.* at 516-517. It is perfectly clear that the prosecutorial argument under review offends in none of these categories. It is equally clear that one inference open to the jury was the very proposition advanced by the prosecutor, i.e., the defendant took advantage of the family's disruption.

The prosecutor's argument must be viewed in its entirety as well as in the light of the judge's instructions. *Common-*

---

months, and very closely to a young family as you've heard here in the last couple of days? Why would that happen?

"And I'd suggest, as I told you earlier, you've heard why it happened. You've seen why he did that. It was to gain access to the child, because he saw an opportunity there, an opportunity that he would have if he played his cards right to strike out sexually at that child."

*wealth* v. *Yesilciman*, 406 Mass. 736, 746 (1990). In her jury instructions, the judge made it clear that the arguments of counsel were not evidence.[2] The argument was forceful but fair. It did not exceed the limits of propriety.

*Judgment affirmed.*

---

[2]The judge directed the jury as follows: "I want to point out to you that the opening statements and the closing arguments . . . are not evidence. And you should remember that . . . I hereby instruct you that it is your recollection and interpretation of the evidence that controls and governs, and not what the lawyers say the evidence was in this particular case."